BLACK, Judge.
Wayne David Smith appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised several related claims. We affirm the postconviction court’s denial of Smith’s motion with respect to his claim based on Padilla, v. Kentucky, — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). However, we reverse and remand for the post-conviction court to consider Smith’s other claims.
In January 2010, Smith pleaded guilty to two counts of lewd fondling and was sentenced to two years’ imprisonment followed by four years’ probation. In January 2011, as a response to the initiation of deportation proceedings, he filed the current motion pursuant to rule 3.850, in which he raised one long stream of allegations. First, Smith alleged that his counsel was ineffective for failing to advise him that he would be deported as a result of his plea. See Padilla, 130 S.Ct. at 1483 (holding that when eligibility for deportation as the result of a guilty plea is clear, counsel must advise the defendant accordingly). Smith’s motion continued with several other allegations in support of his argument that no valid plea was ever entered in his case. In denying Smith’s motion in its entirety, the postconviction court simply found that Smith’s sentence became final in February 2010 and that Padilla does not apply retroactively; i.e., it “does not apply to Florida defendants whose convictions already were final as of March 31, 2010, when that case was decided.” Hernandez v. State, 61 So.3d 1144, 1151 (Fla. 3d DCA 2011).
We affirm the postconviction court’s finding with respect to Smith’s Padilla claim. See Barrios-Cruz v. State, 63 So.3d 868 (Fla. 2d DCA 2011). As in Barrios-Cruz, 63 So.3d at 870, we hold that Padilla, 130 S.Ct. 1473, does not apply retroactively in postconviction proceedings and we certify to the Florida Supreme Court the following question of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
SHOULD THE RULING IN PADILLA V. KENTUCKY, 130 S.Ct. 1473 (2010), BE APPLIED RETROACTIVELY IN POSTCONVICTION PROCEEDINGS?
However, because the postconviction court neglected to address any other aspect of Smith’s motion, we reverse and remand for the postconviction court to consider all of Smith’s claims that are unrelated to Padilla.
Affirmed in part; reversed in part; remanded.
DAVIS and CRENSHAW, JJ„ Concur.